

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-0277-CR
_____

Chad Jeremy Holliday, Appellant

v.

The State of Texas, Appellee

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 2011-0533-1, Honorable James W. Anderson, Presiding

March 25, 2013

## MEMORANDUM OPINION

### Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Chad Jeremy Holliday, appeals his conviction for driving while intoxicated. Through a single issue, he contends that the trial court erred by admitting evidence of the horizontal gaze nystagmus (HGN) test because the investigating officer failed to ask if appellant suffered from any medical ailments that could affect the test results. That omission purportedly rendered the evidence inadmissible because the test was administered improperly. The trial court disagreed. We affirm.

Assuming arguendo that it was error to admit the testimony regarding the HGN test, we find the error to be harmless under Texas Rule of Appellate Procedure 44.2(b) (which requires the error to have affected substantial rights). TEX. R. APP. P. 44.2(b). This is so due to the uncontested evidence that appellant blew more than .08 on the two breath intoxilyer tests administered to him. That alone established intoxication. See TEX. PENAL CODE ANN. § 49.01(2)(B) (West 2011) (stating that one is intoxicated by "having an alcohol concentration of 0.08 or more," among other things). To this we add evidence showing that 1) appellant was observed weaving in and out of his lane resulting in two near accidents with a semi-truck and a guardrail, 2) police observed him driving on the yellow line, 3) he smelled of alcohol and had red, watery eyes, 4) he swayed when he got out of his car, and 5) he deficiently performed two other field sobriety tests unrelated to the HGN. Simply put, and after perusing the record before us, we deem it unreasonable to conclude that the testimony about the HGN test had a substantial or injurious effect or influence on the jury's verdict. See Rodriguez v. State, 280 S.W.3d 288, 291 (Tex. App.–Amarillo 2007, no pet.) (describing this to be the test in determining harm from the improper admission of evidence).

Accordingly, the issue is overruled and the judgment is affirmed.


                                                    Brian Quinn
                                                    Chief Justice
Do not publish.